LOTTINGER, Judge.
This is a workmen’s compensation proceeding wherein the plaintiff seeks 400 weeks compensation at the rate of $30 per week for alleged permanent and total disability occurring on or about January 25, 1956 while employed as a laborer for Farns-worth & Chambers Company, Inc., the defendant’s insured. The petition alleged that the plaintiff was injured when he was attempting to start a gasoline engine and the crank struck him in the right side.
After the defendant filed an exception of vagueness the petition was amended to set forth that the injury sustained by the plaintiff was to his back in the lumbar 5 and 6 regions. The defendant then filed an answer in the nature of the general denial which also set forth that it had paid compensation at the rate of $30 per week for 2 weeks together with all medical expenses incurred by the plaintiff as a result of the alleged injury.
Following trial on the merits, judgment was orally rendered rej ecting the plaintiff’s demands. On rehearing, the original judgment was amended to allow plaintiff compensation at the rate of $30 per week for three weeks and two days subject to a credit of $60 for compensation already paid. The demands for medical expenses, penalties and attorney fees were rejected and the matter is now before us on an appeal taken by the plaintiff.
Dr. Emmett, a specialist in surgery, was the first to examine the plaintiff after the accident. He testified that the plaintiff complained only of his right side and abdomen, that there were no visible signs of trauma, bruises or contusions, but only subjective tenderness. Further the doctor stated that he saw Guillory about twelve times including three complete check-ups within a thirty day period. He interpreted x-rays of the kidneys and lumbar spine region and found them perfectly normal. Dr. Emmett was of the definite opinion that Guillory was not disabled:
*678 “Q. So actually this period of time you observed Guillory and treated him, you were giving him the benefit of the doubt of what he said about himself, isn’t that right? A. Yes, Sir.
“Q. Then you concluded after this period of time that you could find nothing to account for what he was complaining of ? A. That’s right.
“Q. So, actually, Doctor, as far as your feelings were concerned, he would have been just as able to work at the time he came to see you as he was on the 24th if it wouldn’t have been for the fact that you were going through these tests to rule out and determine if there was anything you could discover to account for his complaints; isn’t that right? A. That is correct.”
Dr. Barham, a qualified surgeon who stated that he had in the past handled a large number of industrial cases, examined plaintiff on February 4, 1956, when Dr. Emmett was unable to see the plaintiff, but none to the lumbar region.
On August 10, 1956, Dr. Barham re-examined the plaintiff completely. Though there were then complaints of the back, the Doctor found the plaintiff had no disability and was able to return to work. Further the Doctor stated:
“Q. Even though he complained of pain in his back on August 10, 1956, and subj ective tests and what have you is one means of determining disability, you still feel like he was able to do work as of August 10th. A. John Gu-illory exaggerated his symptoms very much on August 10th, so no matter if you put pressure on his mid-back, lower back, on his sacrum, or even his coccyx, or the end of his spine, he flinched and said that he had pain. The other tests that we did to cross him up, when he should have had no pain he said that he had pain, and as a result of experience and seeing a.good many backs over a good many years, you learn to make a decision as to whether the patient has legitimate pain, or whether he is malingering. It was my opinion that John Guillory was exaggerating. He had no basis for the complaints, had no reason to say he had pain where I was examining him, and yet he maintained he had pain in his lower back.”
Dr. Frederick, a specialist in urology, examined the plaintiff at the request of Dr. Emmett for possible kidney stones. In the course of his examinations, the doctor was unable to find any injury to the plaintiff’s side though the accident was described to him. The doctor stated that he was primarily concerned in x-raying the plaintiff, but he still did not observe any external injury and probably would have noticed any evidence of injury because of the position in which the x-rays were taken. Further, the doctor found the plaintiff’s genito-urinary tract normal, thus, indicating no injury to that area.
Dr. Morin was asked to examine the plaintiff at the defendant’s request. He did so on September 5, 1956. At that time plaintiff complained of pain of the right side, right low back, and right leg. The doctor could find no objective signs as a basis for these complaints.
Dr. Schneider examined the plaintiff at the request of Dr. Price, the plaintiff’s physician. Dr. Schneider is an orthopaedic surgeon who has handled a large number of industrial cases. On July 10, 1956, the plaintiff complained of pain in the right side, right lumbar region, and right lower extremity. The doctor concluded that the plaintiff had no disability on either occasion that he examined him and that the tenderness complained of was not consistent with any type of disability. Further the doctor testified:
“Q. Isn’t it frequent in these cases that there is no objective symptoms responsive to the pain complained of? A. I think we have previously discussed that when I stated that many times we establish that factor as a diag *679 nostic situation where we feel'that even though there are no definite objective findings there are enough corroborating subj ective findings — subj ective manifestations — to indicate disability. In this particular case I did not find that to be true as I previously stated.
“Q. Now, when you said disability, you mean disability from performing work of a reasonable nature? A. I mean disability of any type.
“Q. But you are not referring to pain alone, you are speaking of disability to use the physical function, or to use his back. A. Let me state that I did not find any factors present which I felt would evoke pain to promote disability on examination of this patient from the orthopaedic standpoint.”
Only Dr. Steve Price, a general practitioner, a witness for plaintiff, was able to observe any objective findings (muscle spasm) which he felt to be sufficient to say that the plaintiff was disabled. And he discharged Guillory in June, 19S6. Dr. Price further stated that the plaintiff returned to him on July 10, 1956, complaining of the same pains and the doctor could not find any objective signs to account for plaintiff’s complaints. He referred him to Dr. Schneider. Dr. Price found that the plaintiff could easily have returned to his usual and customary work in June, 1956, and actually discharged him at that time.
 The lay testimony adds nothing to the plaintiff’s case and we are convinced from the medical testimony that he was not disabled at the time of the trial nor was he disabled on earlier examinations. We remain fully aware of the liberality which must be accorded cases of this type but the plaintiff must nevertheless prove his case by a preponderance of the evidence and this he has utterly failed to do.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed.